Hone's Executors *v.* Van Schaick, 20 Wend. R. 564.
In Ch. 5 Paige Ch. R. 230.

The testator, *John Hone*, there devised by his will, (made in July, 1831,) after a specific devise and bequest to his wife, the residue of all his estate, real and personal, to his executors for the purposes of his will. He directed his executors to convert all his personal estate, with certain exceptions, into cash and invest it in mortgages or United States stock; to lease his real estate in the city of New-York, and to sell that out of it, to be invested in the same manner, so as to form, with the income, *one general fund* for the purposes of his will. The executors were directed to pay certain annuities

to his widow and to a niece, and to divide the residue of the income of the fund, from time to time as accruing, equally among his seven children and the descendants of two deceased children. At the expiration of 21 years from the date of the will or as soon thereafter as they should deem it discreet, they were directed to divide the real and personal estate among the heirs of the testator or their legal representatives. Special directions were also given as to the manner of making partition and limiting the extent of interest of the parties taking the same, so that the children of the testator should, in no case, take more than a life estate in the premises, the ultimate remainder over being limited to their descendants or the then heirs of the testator. By a codicil in August, 1831, he increased the bequest to his wife and the annuities to his and her nieces. He also by the codicil gave to each of his grand-children living at his death, $6000 to be paid at 21 or marriage; not to be paid, however, without the approbation of their parents to be expressed in writing; the testator desiring, that after the child was of age or married, the parents would fix a discreet or proper time for the payment of the legacies. They were directed to be paid out of the personal estate, and all the residue of the real and personal, was to remain subject to the provisions of the original will as thus modified. In 1832, the testator died leaving a widow, seven children, and the descendants of two deceased children him surviving.

The executors filed a bill before the Vice Chancellor of the 1st circuit against the parties in interest, to obtain a construction of the will as to the validity of the devise to the executors in trust. The Vice Chancellor decreed that the devise of the real estate and all the trusts declared upon it were void, and that the direction to divide the real estate after the trust term ended, was also void. But he held the bequest of $6000 to each of the grand-children valid, and decreed payment thereof according to the will.

On appeal from this decree of the Vice-Chancellor, it was affirmed by the Chancellor; whereupon an appeal was taken by the executors to the Court of Errors. The opinion of the court was delivered by

Mr. Justice Bronson, who said: "The testator attempted,

by means of a trust to receive rents and profits, to render his lands inalienable for a term, of which more than nineteen years remained unexpired at the time of his death. This he could not do. The absolute power of alienation was suspended for more than two lives in being at the creation of the estate. The lives must be designated, and life must, in some form, enter into the limitation. No absolute term, however short, can be maintained. The statute has forbidden it.

"The whole trust estate, and the remainders limited upon it, are consequently void. (*Coster* v. *Lorillard*, and *Hawley* v. *James.*) The power in trust to make partition at the end of the term, is subject to the same objection as the trust. It works an illegal suspense of the power of alienation. That this may be the effect of a power in trust, and that the power will then be void, was adjudged by this court in the above cases.

"The estate descended to the heirs at law, subject to the execution of the power, (if valid.) These and other grandchildren, and other remote descendants, not in being at the testator's death, or who may not be born until the last day of the term, may, (under the will,) be entitled to share in the partition. It is evident, therefore, that at no time during the term, can such an absolute fee in the land be conveyed, as may not be defeated, in whole or in part, by the execution of the power. It could not be done if all mankind were to join in the conveyance."

"In *Root* v. *Stuyvesant*, he observes, the power of appointment, which was there held valid by all the justices of the Supreme Court, was a power which the grantees might execute or not, at their pleasure. It imposed no duty on the tenants for life; it did not require them to do an illegal act. But this is a special power in trust, and is imperative. The testator has directed a division which the law forbids. Such a power I think cannot be upheld for any purpose. He states that " no distinction was made on the argument between the real and personal property" included in the trust; and he cites 1 R. S. 773, §§ 1, 2, which prescribes the same rule for both in this respect.

The legacies to the grand-children he holds to be vested

and free from all objection; and having no necessary connection with the trust adjudged to be void, and being vested immediately on the death of the testator, were valid. He says : " The counsel seem to have been agreed that the rule of the common law and of our statute is still in force, and that the intention of the testator, so far as is consistent with the rules of law, must be carried into effect, notwithstanding the decision of this court in *Root* v. *Stuyvesant*. That case is in direct conflict on this point, with the decision of this court in *Hawley* v. *James*, and seems only to be regarded as an adjudication between the amicable parties then before the court, and not as a precedent which can affect the rights of third persons."

Whereupon the decree of the Chancellor was unanimously *affirmed*.

☞ The case of *Root* v. *Stuyvesant* may, therefore, be considered as one of that class which, if not expressly overruled, yet " *stands upon its own peculiar circumstances*," like that of *Murray* v. *Riggs*, 15 J. R. 571. Unless the courts are to be constituted testators-general of all who attempt to dispose of their estates by devise, its doctrine is not likely to be ever again applied to any other than that identical will, for which it has become a rule of property among the parties and those claiming under them. In all others, its principle has since been, and it is hoped will continue to be disregarded, as it was in the following case before the Court of Errors, involving the same general question how far a trust created for purposes, of which some are good, and others void, by the statute of trusts can be supported as to the legal purposes for which the trust was created ?